UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL ALEXANDER YOUNG,

VERSUS

PUBLIC DEFENDER'S OFFICE, ET AL.

CIVIL ACTION

NO. 25-1753

SECTION "R" (3)

**REPORT AND RECOMMENDATION**

Plaintiff, Michael Alexander Young, a former Louisiana state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1] Young sued the Orleans Parish Public Defender's Office and Assistant Public Defender Hacer Kandara.

Young claims that Kandara, his court appointed criminal defense counsel, has been inadequate in her representation of him. He alleges that Kandara met with him on only one occasion in 13 months, and that she failed to respond to his attempts to contact her.[2] Young further claims that Kandara waived his presence at court hearings, failed to provide him with discovery, move to dismiss the charges and/or for a speedy trial, and has not advised him regarding any potential plea deal.[3] Young seeks monetary damages.[4]

---

[1] R. Doc. 1. At the time Young filed this action, he was a pretrial detainee at the Orleans Justice Center. He has since been extradited to Phoenix, Arizona, where he is awaiting charges. *See* R. Docs. 3 and 6.

[2] *Id.* at 5–6.

[3] *Id.* at 6–7.

[4] *Id.* at 9. Young has three other pending prisoner civil rights cases that are currently undergoing screening. *Young v. Orleans Parish Sheriff's Office, et al.*, 25-cv-1327

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>     (i)    is frivolous or malicious;
>
>     (ii)    fails to state a claim on which relief may be granted; or
>
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because Young is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[5] 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

---

"M"(2), *Young v. Orleans Parish Criminal District Court, et al.*, 25-cv-1751 "A"(1), and *Young v. District Attorney's Office of New Orleans, et al.*, 25-cv-1752 "O"(1).

[5] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Young filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

For the following reasons, even when Collins's complaint is liberally construed,[6] his federal civil rights claims are frivolous and/or fail to state a claim on which relief may be granted.

### I. Public Defender's Office

Young named the Public Defender's Office, presumably because his appointed attorney is connected with that office. The public defender's office, however, is not a person subject to suit under § 1983. *See Mixon v. Cortello*, No. 1:15-CV-2782, 2016 WL 8717296, at *2 (W.D. La. Jan. 22, 2016); *Burge v. Parish of St. Tammany*, No. 91-2321, 1997 WL 10243, at *8 (E.D. La. Jan. 8, 1997); *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023) (public defender's

---

[6] The Court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

office is not a "person" within the meaning of § 1983), *cert. dismissed sub. nom*, *Brown v. Pennsylvania*, 144 S. Ct. 272 (2023); *Zapata v. Public Defenders Office*, 252 F. App'x 237, 2007 WL 3104864, at *2 (10th Cir. 2007) (same); *accord Amir-Sharif v. Dallas County Public Defenders Office*, 233 F. App'x 364 (5th Cir. 2007) (court appointed counsel and the Public Defender's Office are not state actors for § 1983 purposes). Accordingly, Young's civil rights claims against the Orleans Parish Public Defender's Office are frivolous and otherwise fail to state a claim for which relief can be granted.

## II.   Assistant Public Defender Hacer Kandara

Young also sued his assigned assistant public defender, Hacer Kandara, under § 1983, alleging that Kandara has not provided him with adequate assistance during his pretrial criminal proceedings.[7] But Kandara cannot be liable under that statute because she has no authority to act on behalf of the State or the Parish in which she was appointed to represent a criminal defendant. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (public defenders do not act under color of state law under § 1983 when performing the traditional functions of counsel to a criminal defendant); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private

---

[7] R. Doc. 1 at 5–8. Shortly after filing this case, Young advised that he was "finished with Orleans Parish," and that "[t]hey dropped the charges, and gave me credit for time served on 8-19-25." R. Doc. 3 at 1, 3. In actuality, Young pled guilty to the lesser offense of theft of property valued between $1,000 and $5,000, and was sentenced to a deferred sentence of less than 14 months at hard labor under La. Code Crim. P. art. 893. *See* Orleans Parish District Court's Docket Master in Case No. 563067"J" (Docket Entry 8/18/25), accessed through the Orleans Parish Sheriff's Office Official website at https://www.opso.us.

attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

Young's claims against Assistant Public Defender Hacer Kandara are thus frivolous or otherwise fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Young's federal civil rights claims against defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *see Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 22nd day of October, 2025.

 

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**